Jasen, J.
At about noon on June 20,1967, the plaintiff, then 14 years of age, boarded a school bus owned by the defendant, New York City Transit Authority, and driven by its employee, *296 the defendant Mooney. It was the last day of the term at the Elias Bernstein Junior High School in Staten Island and the 65 to 70 students on board the bus were in a boisterous and exuberant mood. Some of this spirit expressed itself in vandalism, a number of students breaking dome lights, windows, ceiling panels and advertising poster frames. There is no evidence that the plaintiff partook in this destruction.
The bus made Several stops at appointed stations. On at least one occasion, the driver admonished the students about excessive noise and damage to the bus. When he reached the Annadale station, the driver discharged several more passengers, went-to the rear of the bus, inspected the damage and advised the students that he was taking them to the St. G-eorge police station.
The drivér closed the doors of the bus and proceeded, bypassing several normal stops. As the bus slowed to turn on to Woodrow Boad, several students jumped without apparent injury from a side window at the rear of the bus.. Several more followed, again without apparent harm, when the bus turned onto Arden Avenue.
At the corner of Ardén Avenue and Arthur Kill Boad, departing from its normal route, the bus turned right in the general direction of the St. G-eorge police station. The plaintiff, intending to jump from the bus, had positioned himself in a window on the right-rear side. Grasping the bottom of the window sill' with his hands, the plaintiff extended his legs (to mid-thigh), head and shoulders out of the window. As the bus turned right, the right rear wheels hit the curb and the plaintiff either jumped or fell to the street. The right rear wheels then rolled over the midsection of his body, causing serious personal injuries.
The plaintiff, joined with his father, then commenced an action to récover damages for negligence and false imprisonment. At the outset of the trial, the negligence cause was waived and plaintiffs proceeded on the theory oi false imprisonment. At the close of the plaintiffs’ case, the court denied defendants’ motion to amend their answers to plead the defense of justification. The court also excluded all evidence bearing on the justification issue.
We believe that it was án abuse of discretion for the trial court to deny the motion to amend and to exclude the evidence *297 of justification. It was the defendants’ burden to prove justification — a defense that a plaintiff in an action for false imprisonment should be prepared to meet — and the plaintiffs could not have been prejudiced by the granting of the motion to amend. The trial court’s rulings precluded the defendants from introducing any evidence in this regard and were manifestly unfair. Accordingly, the order of the Appellate Division must be reversed and a new trial granted.
In view of our determination, it would be well to outline some of the considerations relevant to the issue of justification. In this regard, we note that, generally, restraint or detention, reasonable under the circumstances and in time and manner, imposed for the purpose of preventing another from inflicting personal injuries or interfering with or damaging real or personal property in one’s lawful possession or custody is not unlawful. (Of. Penal Law, §§ 35.20, 35.25; see, also, General Business Law, § 218, which affords a retail merchant a defense to an action for false arrest and false imprisonment where a suspected shoplifter is reasonably detained for investigation or questioning.) Also, a parent, guardian or teacher entrusted with the care or supervision of a child may use physical force reasonably necessary to maintain discipline or promote the welfare of the child.. (Penal Law, § 35.10.)
Similarly, a school bus driver, entrusted with the care of his student-passengers and the custody of public property, has the duty to take reasonable measures for the safety and protection of both — the passengers and the property. In this regard, the reasonableness of his actions — as bearing on the defense of justification — is to be determined from a consideration of all the circumstances. At a minimum, this would seem to import, a consideration of the need to protect the persons and property in his charge, the duty to aid the investigation and apprehension of those inflicting damage, the manner and place of the occurrence, and the feasibility and practicality of other alternative courses of action.
With regard to the proper measure of damages, an ancillary but nevertheless important question of law is presented — namely, whether a plaintiff’s negligence in attempting to extricate himself from an unlawful confinement should diminish his damages for bodily injuries sustained as a result of the false *298 imprisonment. In this regard, plaintiff has been awarded damages of $500 for mental anguish and $75,000 for bodily injuries; The plaintiff father has been awarded damages-of $750 for loss of services and $5,797 for medical expenses.
Where the damages follow as a consequence of the plaintiff’s detention without justification, an award may include those for bodily injuries. (Beardsley v. Soper, 184 App. Div. 399, 402.) And although confinement reasonably perceived to be unlawful may invite escape, the person falsely imprisoned is not relieved of the duty of reasonable care for his own safety in extricating himself from the unlawful detention. (Cieplinski v. Severn, 269 Mass. 261.) In this regard, it has been held that alighting from a moving vehicle, absent some compelling reason, is negligence per se. (Meagher v. Long Is. R. R. Co., 27 N Y 2d 39, 44 [train]; Nix v. Williams, 35 A D 2d 188 [car].) Therefore, upon retrial, if the trier of fact finds that plaintiff was falsely imprisoned but that he acted unreasonably for his own safety by placing himself in a perilous position in the window of the bus preparatory to an attempt to alight, recovery for the bodily injuries subsequently sustained would be barred.
For the reasons stated, the order of the Appellate Division should be reversed and the case remitted for a new trial.
Chief Judge Ful» and Judges Burke, Breitel, G-abrielli, Jones and Wachtler concur.
Order reversed, without costs, and a new trial granted.