■  In the Matter of the Accounting of Howard J. Walker, as Executor of Murray W. Walker, Deceased.—Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. (Appeals from decree of Steuben County Surrogate's Court—construe will.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■  In the Matter of William F. Mendenhall, Petitioner, v Appeals Board of the Administrative Adjudication Bureau et al., Respondents.— Determination unanimously confirmed, without costs. Memorandum: There is substantial evidence in the record to support the determination, and so we may not disturb it *(Matter of Pell v Board of Educ.,* 34 NY2d 222). (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■  Pamela Deyo, Respondent-Appellant, v City of Auburn et al., Respondents, and Samuel Testa, Appellant-Respondent. David C. Deyo, Respondent-Appellant, v City of Auburn et al., Respondents, and Alan Wilson, Appellant-Respondent.—Order unanimously affirmed, without costs. (See *Fahey v County of Ontario,* 44 NY2d 934; *Sindle v New York City Tr. Auth.,* 33 NY2d 293.) (Appeals from order of Cayuga Supreme Court— amend complaint and answer.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■  Castle Estates, Inc. et al., Respondents, v Pyramid Centers of Empire State, Inc., et al., Appellants.—Order unanimously affirmed, without costs, for the reasons stated at Special Term, McLaughlin, J. (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Hancock, Jr., Callahan and Moule, JJ.

■  In the Matter of Harry L. Brown, an Attorney.—Order of suspension entered. Present—Dillon, P. J., Cardamone, Simons, Hancock, Jr., and Callahan, JJ. (Order entered Nov. 29, 1979.)

■  The People of the State of New York, Plaintiff, v Willie Gene Thomas, Defendant.—Motion for change of venue denied. Memorandum: We conclude that defendants have not on this application met their burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Cayuga County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, app dsmd 35 NY2d 844.)