ANDERS HOLMBERG, Respondent, v COUNTY OF ALBANY et al., Appellants, et al., Defendants. [738 NYS2d 701] —Cardona, P.J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 14, 2001 in Albany County which, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of liability.

On April 12, 1996, following his conviction for grand larceny in the third degree, Supreme Court (Lamont, J.) (hereinafter the sentencing court) sentenced plaintiff to five years' probation and, as one of the conditions, imposed a definite jail term of 180 days. Following exhaustion of his appeals, on December 4, 1997, plaintiff commenced service of his jail term. Plaintiff's

release date was calculated as April 3, 1998[1] based upon a sentence of six months or 183 days, in accordance with notations appearing on two records maintained by the Sheriff of defendant County of Albany which accompanied the sentencing court's commitment order when plaintiff commenced his sentence. The commitment order itself contained no reference to the sentence imposed. On December 22, 1997, the sentencing court granted plaintiff's application for release to the Work Alternative Program. The resulting order required plaintiff to work 68 weekdays from 8:00 A.M. until 4:00 P.M. from December 31, 1997 through April 3, 1998.

During the early morning hours of April 2, 1998, plaintiff was charged with, inter alia, operating a motor vehicle while intoxicated in the Town of Colonie and remanded to the Albany County Jail. As a consequence, he failed to report to the work release program on April 3, 1998. Based upon that failure, plaintiff was deemed in violation of his work release conditions and was, therefore, incarcerated to finish his remaining jail term without credit for the days that he participated in the program. As a result, plaintiff remained in jail until June 25, 1998.

In June 1999, after filing a notice of claim, plaintiff commenced this action against, among others, the County and defendant John Moffre, one of the County's correction officers (hereinafter collectively referred to as defendants), for false imprisonment and violation of his federal and state civil rights. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on the issue of liability. He argued that the County miscalculated the length of his jail term, as reflected in the sentencing minutes and the certificate of conviction, by adding three additional days, resulting in an incorrect release date of April 3, 1998. Plaintiff further contended that if he had been released on March 31, 1998, his correct release date, no violation of his work release conditions would have occurred and he would not have spent nearly three additional months in jail.

Supreme Court found that plaintiff's "true sentence" was 180 days and that the December 22, 1997 document "was not an order nor was it a Certificate [of conviction] or Order of Commitment," but merely an "untitled document" which was not binding on defendants. After applying good time and jail time credits, the court determined that plaintiff's sentence had

---

1. This date is inclusive of allotted deductions for jail time (see, Penal Law § 70.30 [3]) and good behavior time (see, Penal Law § 70.30 [4] [b]).

expired before his failure to appear for the Work Alternative Program on April 3, 1998. Finding, as a matter of law, that plaintiff's reincarceration was unjustified, Supreme Court denied defendants' motion and granted plaintiff's cross motion, prompting this appeal.

Initially, we do not concur with the finding that the December 22, 1997 document was not a court order. An order is a "[d]irection of a court or judge made or entered in writing, and not included in a judgment, which determines some point" (Black's Law Dictionary 1096 [6th ed 1990]). Inasmuch as the December 22, 1997 document directed plaintiff's participation in the Work Alternative Program and was executed by the sentencing court, we find that it constituted an order.

Turning to plaintiff's claim of false imprisonment, in order to establish that cause of action, he must show that (1) defendants intended to confine him, (2) he was conscious of the confinement, (3) he did not consent to the confinement and (4) the confinement was not otherwise privileged (see, Parvi v City of Kingston, 41 NY2d 553, 556; Broughton v State of New York, 37 NY2d 451, 456, cert denied sub nom. Schanbarger v Kellogg, 423 US 929; Martinez v City of Schenectady, 276 AD2d 993, 995, affd 97 NY2d 78). Generally, where a facially valid order issued by a court with proper jurisdiction directs confinement, that confinement is privileged (see, Ellsworth v City of Gloversville, 269 AD2d 654, 656) and everyone connected with the matter is protected from liability for false imprisonment.

Defendants contend, as limited by their brief, that their detention of plaintiff until April 3, 1998 was privileged under the December 22, 1997 order. On the other hand, plaintiff, inter alia, argues that the decision to approve the application of an inmate for work release from a local correctional facility rests entirely with the county sheriff and the Commission of Correction, not with the courts (see, Correction Law § 871). He also contends that the December 22, 1997 order improperly "sentenced" him to the Work Alternative Program.[2]

The record shows that plaintiff was legally sentenced on April 12, 1996. Supreme Court retained jurisdiction over the subject matter of his judgment of conviction and sentence sufficient to resentence him under appropriate circumstances (see, CPL 440.10, 440.20, 430.20). Because the December 22, 1997 order was issued by a court having prior involvement in the original proceedings and power to adjudicate issues pertaining

2. The order indicated that plaintiff "has been sentenced to 68 days in the Albany County Sheriff's Department Work Alternative Program, to commence on Wednesday 12/31/97 and to terminate on Friday, 4/03/98."

to the judgment and sentence, we find that it was valid on its face and "sufficient to protect officials who carried out its mandates" from liability for false imprisonment (*Nuernberger v State of New York*, 41 NY2d 111, 116; *see, Harty v State of New York*, 29 AD2d 243, *affd* 27 NY2d 698).[3]

Inasmuch as defendants established their entitlement as a matter of law to judgment dismissing the complaint and plaintiff failed to raise a triable issue of fact, we find Supreme Court incorrectly denied summary judgment to defendants and improperly granted plaintiff's cross motion for partial summary judgment.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's cross motion denied, motion by defendants County of Albany and John Moffre granted, summary judgment awarded to said defendants and complaint dismissed against them.

---

3. While plaintiff's arguments may have been successful in securing his timely release from custody if properly raised, we do not find them determinative on the issue of privilege.