■ ROBERT KRZYZAK, Appellant, v TERRI SCHAEFER, Respondent. [860 NYS2d 252]—

Spain, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered October 31, 2006 in Schenectady County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff and defendant are neighbors residing in the City of Schenectady, Schenectady County. On July 22, 2000, an animal control officer and police officer from the Schenectady Police Department went to plaintiff's house regarding his allegation that defendant or a member of her family had poisoned his dog. In conjunction with this incident, defendant filed a harassment complaint against plaintiff based upon threatening statements plaintiff allegedly made to her in the presence of the animal control officer. As a result, plaintiff was charged with harassment in the second degree, but that charge was ultimately dismissed.

Thereafter, plaintiff commenced the present action against defendant alleging malicious prosecution and false arrest. Defendant answered and asserted a counterclaim seeking sanctions under CPLR 8303-a. Plaintiff subsequently moved for summary judgment and to dismiss defendant's counterclaim, and defendant cross-moved for, among other things, summary

judgment dismissing the complaint. Supreme Court granted that portion of defendant's cross motion that sought summary judgment and dismissed the complaint. Plaintiff now appeals and we affirm.

To succeed on a claim of malicious prosecution, "a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice" (*Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *see Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *De Cicco v Madison County*, 300 AD2d 706, 707 [2002]; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]). Similarly, a claim of false arrest or imprisonment requires that the plaintiff "establish that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (*Martinez v City of Schenectady*, 97 NY2d at 85; *see Broughton v State of New York*, 37 NY2d at 456; *Holmberg v County of Albany*, 291 AD2d 610, 612 [2002], *lv denied* 98 NY2d 604 [2002]; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d at 132). However, in the case of a civilian complainant, "[i]t is well settled in this [s]tate's jurisprudence that . . . by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, [the complainant] will not be held liable for false arrest or malicious prosecution" (*Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d at 131; *accord Paisley v Coin Device Corp.*, 5 AD3d 748, 749-750 [2004]).

Here, the record demonstrates nothing more than defendant furnishing information regarding the incident to the police and signing a complaint against plaintiff. Importantly, the record does not reveal any evidence of defendant's active involvement in the prosecution of plaintiff following the signing of the complaint (*see Paisley v Coin Device Corp.*, 5 AD3d at 749-750; *Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561, 562 [2004]; *Russ v State Empls. Fed. Credit Union [SEFCU]*, 298 AD2d 791, 792-793 [2002]; *Quigley v City of Auburn*, 267 AD2d 978, 980 [1999]; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d at 131-133; *Schrull v Shafer*, 252 AD2d 723, 723 [1998]; *Celnick v Freitag*, 242 AD2d 436, 437 [1997]; *Schiffren v Kramer*, 225 AD2d 757, 758-759 [1996]; *Cobb v Willis*, 208 AD2d 1155, 1156 [1994]). Accordingly, Supreme Court properly

granted defendant's cross motion for summary judgment dismissing the complaint.

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.