■ ROBERT BARRETT et al., Appellants, v MICHAEL B. WATKINS et al., Respondents. [919 NYS2d 569]—

Peters, J.P.

On April 25, 2005, plaintiffs drove to a remote, wooded public recreation area located at the southeast side of the Toronto Reservoir in Sullivan County. When they attempted to leave, they discovered that the access road was blocked by an unoccupied truck. After approximately 15 minutes, during which time plaintiffs honked the horn of their vehicle in an effort to get someone's attention, Wade Ebert emerged and, after speaking with plaintiffs, refused to move the truck. Ebert then called de-

---

fendant Steven M. Dubrovsky, whose company, defendant Woodstone Lakes Development, LLC, owned the land adjacent to the recreational area.* Dubrovsky arrived at the area about 40 minutes later, told plaintiffs that they did not belong there and stated that he did not care if they had to sit there all night. Dubrovsky then got into his vehicle with Ebert and left the area, leaving plaintiffs behind. The police, who were called earlier by both parties, eventually arrived with Dubrovsky and resolved the incident by instructing that the truck be moved. No charges were brought against any party as a result of this incident.

Thereafter, on May 15, 2005, plaintiffs were driving on Pine Grove Road in the Town of Bethel, Sullivan County. After passing a no trespassing sign and observing that the gate to a private development owned by Woodstone Lakes was closed, plaintiff Robert Barrett turned the vehicle around and left the area. Defendant Michael B. Watkins, a contractor who was working in the private development, witnessed the incident and reported it to Dubrovsky and defendant David Allen. As this was not the first time that Barrett had allegedly trespassed on private property owned by Woodstone Lakes and/or defendants Woodstone Toronto Development, LLC and Woodstone Crestwood Development, LLC (hereinafter collectively referred to as the Woodstone Companies), a criminal trespass complaint against Barrett was filed by Allen at the request of Dubrovsky and on behalf of the Woodstone Companies. The subsequent criminal case was apparently dismissed due to a lack of evidence.

Plaintiffs thereafter commenced this action alleging unlawful imprisonment against, among others, Dubrovsky and the Woodstone Companies based upon the April 2005 incident and malicious prosecution against Watkins, Allen and the Woodstone Companies in connection with the prosecution of the criminal trespass complaint resulting from the May 2005 incident. Supreme Court granted defendants' subsequent motions for summary judgment and dismissed the complaint, prompting this appeal.

We begin by addressing plaintiffs' claim of unlawful imprisonment. In order to establish such a claim, plaintiffs were required to show that (1) defendants intended to confine them, (2) they were conscious of the confinement, (3) they did not consent to the confinement and (4) the confinement was not otherwise

---

* Dubrovsky was also a principal owner of defendants Woodstone Toronto Development, LLC and Woodstone Crestwood Development, LLC. Additionally, he was the managing partner and part owner of Woodstone Development, LLC, which is not a named party in this action.

privileged (*see Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Parvi v City of Kingston*, 41 NY2d 553, 556 [1977]). Initially, we reject the assertion of Dubrovsky and the Woodstone Companies (hereinafter collectively referred to as the Woodstone defendants) that plaintiffs were not actually confined. Although Dubrovsky stated during his deposition that he believed there was another way out of the recreational area, there is no evidence that he informed plaintiffs of this, that plaintiffs were otherwise aware of any alternate means of egress, or that any such other means was reasonable (*see Talcott v National Exhibition Co.*, 144 App Div 337, 338-339 [1911]; *see also* Restatement [Second] of Torts § 36 [confinement is complete if the means of escape is unreasonable or if a reasonable means of escape is unknown to the plaintiff]).

Furthermore, viewing the evidence in a light most favorable to plaintiffs and affording them the benefit of all reasonable inferences (*see Keenan v Munday*, 79 AD3d 1415, 1418 [2010]), we find a question of fact as to whether the Woodstone defendants intended to confine them. The Woodstone defendants contend that there is no evidence connecting them to Ebert and, therefore, no basis for attributing Ebert's conduct to them. However, plaintiffs testified during their examination before trial that Ebert informed them during the confrontation that he was employed by Dubrovsky, proceeded to call Dubrovsky to inform him of the situation and, following the conversation, continued to block the access road out of the recreation area. Furthermore, according to the constable who was called to investigate the incident, Ebert stated that he was ordered to block the road in order to prevent plaintiffs from leaving the area. Although Dubrovsky stated during his examination before trial that Ebert was not employed by one of the Woodland Companies at the time of the incident and that he never directed Ebert to prevent plaintiffs from leaving, this creates issues of credibility which cannot be resolved on this summary judgment motion (*see Campbell v Campbell*, 43 AD3d 1264, 1266 [2007]; *Goff v Clarke*, 302 AD2d 725, 727 [2003]). Moreover, even in the absence of an employment relationship, genuine issues of fact exist as to whether Dubrovsky actively encouraged, furthered or ratified the confinement when, upon his arrival at the scene, he acquiesced in the continued confinement of plaintiffs and then proceeded to remove the individual (Ebert) who could have ended it (*see Sporbert v Lenox*, 251 AD2d 320 [1998]; *Vanacore v Teigue*, 243 AD2d 706, 706 [1997]; *see also Dunn v Brown*, 261 AD2d 432, 433 [1999]).

Nor can we agree with the Woodstone defendants that their

actions were privileged as a matter of law. Restraint is privileged only if it is "reasonable under the circumstances and in time and manner" (*Sindle v New York City Tr. Auth.*, 33 NY2d 293, 297 [1973]). Here, the reasonableness of plaintiffs' restraint presents a question for the jury to resolve. Accordingly, plaintiffs' unlawful imprisonment claim should not have been dismissed against the Woodstone defendants.

Turning to the malicious prosecution cause of action, we agree with Supreme Court that summary judgment was warranted. To succeed on such a claim, plaintiffs were required to establish "that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice" (*Martinez v City of Schenectady*, 97 NY2d at 84; *see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Guntlow v Barbera*, 76 AD3d 760, 765 [2010], *appeal dismissed* 15 NY3d 906 [2010]). In order for a civilian complainant to be considered to have initiated a criminal proceeding, "it must be shown that [the complainant] played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Viza v Town of Greece*, 94 AD2d 965, 966 [1983], *appeal dismissed* 64 NY2d 776 [1985]; *accord Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d 515, 516 [2008]; *Mesiti v Wegman*, 307 AD2d 339, 340 [2003]). Merely furnishing information to law enforcement authorities, who are then free to exercise their own judgment as to whether criminal charges should be filed, and giving testimony at a subsequent trial are insufficient to establish liability (*see Krzyzak v Schaefer*, 52 AD3d 979, 980 [2008]; *Quigley v City of Auburn*, 267 AD2d 978, 980 [1999]; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]).

Here, the record reveals that Allen signed a trespass complaint against Barrett and provided the police with information regarding the location where the incident occurred, Watkins supplied a supporting deposition and both apparently testified at Barrett's criminal trial. According to the Sullivan County District Attorney who prosecuted the trespass case, the decision to pursue the prosecution belonged to her and she did so on a good faith basis. As defendants' conduct is, as a matter of law, insufficient to impose liability for malicious prosecution, that cause of action was properly dismissed (*see Krzyzak v Schaefer*, 52 AD3d at 980-981; *Quigley v City of Auburn*, 267 AD2d at 980; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d at 131).

Spain, Rose, Stein and Egan Jr., JJ., concur. Ordered that the

order is modified, on the law, without costs, by reversing so much thereof as granted a motion for summary judgment dismissing the unlawful imprisonment claim against defendants Steven Dubrovsky, Woodstone Lakes Development, LLC, Woodstone Toronto Development, LLC and Woodstone Crestwood Development, LLC; said motion denied to that extent; and, as so modified, affirmed.