■ NAHSHON JACKSON, Appellant, v STATE OF NEW YORK, Respondent. [942 NYS2d 238]—

Stein, J. Appeals (1) from an order of the Court of Claims (Ferreira, J.), entered August 13, 2010, which denied claimant's motion for leave to renew, and (2) from an order of said court, entered December 29, 2010, which, among other things, granted defendant's cross motion for summary judgment dismissing the claim.

Following his conviction by a jury of the crimes of murder in the second degree and robbery in the first degree, claimant was sentenced by the County Court of Suffolk County to a period of incarceration. Thereafter, claimant filed the instant claim alleging that his confinement by defendant was unlawful. Specifically, claimant contends that he was confined pursuant to a "fraudulent sentence and commitment order" because it was not "certified by a Clerk of Suffolk County as a true and accurate copy." After defendant answered the claim, claimant served on defendant a discovery demand for, among other things, a certified copy of his "[s]entence and [c]ommitment order . . . containing a Seal of Suffolk County and a certificate of a clerk stating that such document is a true and accurate copy." In response, defendant notified claimant that his demand was made to the wrong entity, as the document sought was maintained by the Suffolk County Court, and that defendant could not certify records received from another source. Nonetheless, claimant moved for an order granting him a default judgment against defendant for its alleged willful failure to comply with his discovery demands. The Court of Claims denied this motion, as well as claimant's subsequent motion for leave to renew. Claimant then moved for summary judgment and defendant cross-moved for summary judgment. The Court of Claims granted defendant's cross motion and dismissed the claim. Claimant now appeals from the order denying his motion for

leave to renew[1] and from the order granting defendant summary judgment.

When claimant moved to renew his motion for an order striking defendant's answer and granting a default judgment against defendant, he presented the same discovery requests and arguments he had advanced in his initial motion and failed to proffer any material new evidence to support his renewal motion. Thus, the Court of Claims correctly denied such motion (*see* CPLR 2221 [e] [2], [3]; *Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326-1327 [2010], *lv dismissed and denied* 17 NY3d 770 [2011]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]).

We similarly find no error by the Court of Claims in denying claimant's motion for summary judgment and to grant defendant's cross motion. In order to prevail on his motion, claimant was required to demonstrate, among other things, that his confinement was not privileged (*see generally Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Parvi v City of Kingston*, 41 NY2d 553, 556 [1977]; *Barrett v Watkins*, 82 AD3d 1569, 1570-1571 [2011]). To that end, claimant provided his own affidavit alleging that his sentence and commitment order "was not accompanied by a certificate signed by . . . the Clerk of the Suffolk County Court . . . with the Seal of the Court or County, stating that such copy is a true and accurate copy." Even viewing this evidence in the light most favorable to claimant and affording him the benefit of all reasonable inferences (*see Barrett v Watkins*, 82 AD3d at 1571), his "conclusory and self-serving affidavit" is insufficient to support his motion (*Montero v McFarland*, 70 AD3d 1282, 1284 [2010]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Quinn v Depew*, 63 AD3d 1425, 1428 [2009]).

In contrast, defendant met its burden on its cross motion for summary judgment by establishing that claimant's confinement was privileged. Defendant proffered a certified copy of claimant's sentencing minutes,[2] as well as a certified copy of claimant's sentence and commitment order—confirming claimant's

---

1. We note that, while claimant's appeal from this interlocutory order must be dismissed because his right to take a direct appeal therefrom terminated upon entry of the final order granting summary judgment, his appeal from the final order brings up for review the issues raised on appeal from this intermediate order (*see* CPLR 5501 [a] [1]; *Cunningham v Anderson*, 85 AD3d 1370, 1371 n 1 [2011], *lv dismissed and denied* 17 NY3d 948 [2011]; *Warnke v Warner-Lambert Co.*, 21 AD3d 654, 655 n 2 [2005]).

2. The minutes were certified by the court reporter as true and accurate, and the copy was certified as true and exact by an inmate records coordinator.

sentence by County Court as reflected in the sentencing minutes—and signed by the then Clerk of the Suffolk County Court as a true extract from the minutes. Because the sentencing and commitment order was "a facially valid order issued by a court with proper jurisdiction direct[ing] confinement, that confinement [was] privileged" (*Holmberg v County of Albany*, 291 AD2d 610, 612 [2002], *lv denied* 98 NY2d 604 [2002]), and defendant made a prima facie showing that it was shielded from liability for false imprisonment (*see Nuernberger v State of New York*, 41 NY2d 111, 116 [1976]; *Nazario v State of New York*, 75 AD3d 715, 718 [2010], *lv denied* 15 NY3d 712 [2010]; *Holmberg v County of Albany*, 291 AD2d at 612). Inasmuch as claimant failed to present any admissible evidence to demonstrate otherwise, the Court of Claims properly granted defendant's cross motion and dismissed the claim (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562; *Quinn v Depew*, 63 AD3d at 1428).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the appeal from the order entered August 13, 2010 is dismissed, without costs. Ordered that the order entered December 29, 2010 is affirmed, without costs.