# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**530**

**CA 12-00257**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

DANIEL FARNSWORTH, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (AILEEN M. MCNAMARA OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered December 1, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10. The jury found that respondent was sexually motivated in committing his crimes and that he suffers from a mental abnormality (*see* § 10.03 [i]). Respondent contends that Supreme Court abused its discretion and violated his right to due process by denying his motion to bifurcate the jury trial on the issues whether he was sexually motivated in his commission of the underlying crimes and whether he suffered from a mental abnormality. According to respondent, the jury may have been confused by the different legal standards applicable to the issues, i.e., whether petitioner established the first issue by proof beyond a reasonable doubt and whether petitioner established the second issue by clear and convincing evidence (*see Matter of State of New York v Farnsworth*, 75 AD3d 14, 28, *appeal dismissed* 15 NY3d 848). We note at the outset that respondent failed to preserve for our review his contention that due process required a bifurcation of the jury trial. In any event, we reject respondent's contentions that the court abused its discretion in denying his motion for bifurcation and that he was thereby denied his due process rights. Mental Hygiene Law article 10 does not authorize respondent's proposed bifurcation, and "a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394,

*rearg denied* 85 NY2d 1033 [internal quotation marks omitted]).  Moreover, in a previous appeal by respondent, we concluded that "the application of the two different [legal] standards would not confuse a jury" such that bifurcation would be required (*Farnsworth*, 75 AD3d at 28).  Indeed, "the trial record is devoid of evidence indicating the existence of juror confusion" with respect to the different legal standards such that bifurcation would have assisted in clarification or simplification of issues (*Wylder v Viccari*, 138 AD2d 482, 484; *see generally* 22 NYCRR 202.42 [a]).

Contrary to respondent's contention, we conclude that the court properly denied his motion for a directed verdict at the close of proof in the jury trial on the ground that the evidence of sexual motivation in committing the underlying crimes was legally insufficient.  "A court may set aside a jury verdict as legally [insufficient] and enter judgment as a matter of law only where 'there is simply no valid line of reasoning and permissible inferences [that] could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473, *lv denied* 17 NY3d 702 [internal quotation marks omitted]).  Here, in his statement to the police, respondent admitted that he entered a residence for a sexual purpose.  The evidence further established that respondent unlawfully entered the bedroom of another minor around the same time period, and we conclude that the jury could reasonably infer that his intent in entering that bedroom was the same as his admitted intent in the aforementioned incident (*see People v Judware*, 75 AD3d 841, 844-845, *lv denied* 15 NY3d 853).  In addition, based upon a review of respondent's criminal and mental health history, petitioner's expert opined that respondent was sexually motivated in his commission of those two crimes.  Thus, we conclude that the evidence is legally sufficient to establish that respondent had a sexual motivation in committing the underlying crimes.

Finally, we reject respondent's further contention that the court erred in failing to consider the least restrictive alternative, i.e., placement in a group home or confinement in a secure treatment facility staffed with personnel from the Office of Persons with Developmental Disabilities (OPWDD).  Upon a judicial finding that a detained sex offender is "dangerous" and "requir[es] confinement" owing to the sex offender's "predisposition to commit sex offenses" and "inability to control behavior [such] that the respondent is likely to be a danger to others," a court must order that the sex offender "be committed to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]).  Alternatively, the court may find that a sex offender requires only "strict and intensive supervision" (*id.*).  In this case, the uncontroverted testimony of petitioner's expert established that respondent was not a suitable candidate for strict and intensive supervision.  Petitioner's expert also testified that, although respondent had a developmental disorder, he did not have a developmental disability that would qualify him for placement with OPWDD, and

respondent did not offer any evidence to the contrary.