# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**931**

**CA 15-00357**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

DEANNA ZEGARELLI-PECHEONE, INDIVIDUALLY AND AS
PARENT AND NATURAL GUARDIAN OF THOMAS ZEGARELLI,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NEW HARTFORD CENTRAL SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

---

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered June 10, 2014. The order, insofar as appealed from, denied in part defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order denying in part its motion for summary judgment dismissing the complaint. Defendant's employees questioned plaintiff's son during an investigation of an incident that had occurred a few days earlier during a football game on school grounds. Plaintiff thereafter commenced this action alleging, among other things, that defendant's confinement of her son to an administrator's office and the nurse's office during the investigation constituted false imprisonment. In her bill of particulars, plaintiff alleged in further detail that her son's confinement was for an unreasonable and excessive period of time, during which he was threatened, verbally harassed, and given misleading information, with the result that he made a false admission of wrongdoing. Supreme Court denied defendant's motion for summary judgment dismissing the cause of action for false imprisonment but granted the motion with respect to two other causes of action. We affirm.

To establish a cause of action for false imprisonment, a "plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State of New York*, 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Defendant contends that the court erred in denying that part of its motion seeking dismissal of the cause of action for false imprisonment

inasmuch as defendant's confinement of plaintiff's son was privileged. We reject that contention. A confinement such as the one at issue herein is privileged only if it is reasonable under the circumstances, including its duration and manner (*see Barrett v Watkins*, 82 AD3d 1569, 1571-1572; *see generally Sindle v New York City Tr. Auth.*, 33 NY2d 293, 297). We conclude on this record that defendant's submissions failed to establish that its confinement of plaintiff's son was reasonable as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562; *Peters v Rome City Sch. Dist.* [appeal No. 2], 298 AD2d 864, 865).

Entered:  October 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court