Kendrick v Rochester Gen. Hosp. (2024 NY Slip Op 03263)

Kendrick v Rochester Gen. Hosp.

2024 NY Slip Op 03263

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

264 CA 23-00207

[*1]WILLIE KENDRICK, PLAINTIFF-RESPONDENT,
v
ROCHESTER GENERAL HOSPITAL, ROCHESTER GENERAL HEALTH SYSTEM, PAULO BORODIN, KATE STEWART, PEDRO DEJESUS SANCHEZ, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

OSBORN REED & BURKE LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BROWN HUTCHINSON, LLP, ROCHESTER (MICHAEL COBBS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered January 31, 2023. The judgment awarded plaintiff money damages against defendant Pedro DeJesus Sanchez. 
It is hereby ORDERED that said appeal insofar as taken by defendants Rochester General Hospital, Rochester General Health System, Paulo Borodin and Kate Stewart is unanimously dismissed and the judgment is affirmed without costs.
Memorandum: Plaintiff was assaulted by security guards, including defendant Pedro DeJesus Sanchez, when plaintiff visited a patient at defendant Rochester General Hospital (RGH) in 2016. Plaintiff commenced the instant action asserting causes of action for, inter alia, assault, battery, and false imprisonment. After trial, the jury awarded plaintiff damages of $150,000 for past pain and suffering on his assault cause of action and $50,000 for past pain and suffering on his false imprisonment cause of action. Sanchez moved to set aside the verdict pursuant to CPLR 4404 (a) on the ground that the verdict was against the weight of the evidence and the product of juror confusion. Supreme Court denied the motion. Defendants RGH, Rochester General Health System (RGHS), Paulo Borodin, Kate Stewart, and Sanchez appeal from the subsequent judgment. The appeal insofar as taken by defendants RGH, RGHS, Borodin and Stewart must be dismissed as those defendants are not aggrieved by the judgment awarding damages against Sanchez only (see CPLR 5511; Tomaszewski v Seewaldt, 11 AD3d 995, 995 (4th Dept 2004]).
Sanchez (defendant) contends that the verdict is inconsistent insofar as the jury found that he was liable for false imprisonment despite its finding that he had reasonable grounds to believe that plaintiff had committed or attempted to commit trespass or harassment, which, according to defendant, would serve as a legal justification for detention and a complete defense to the false imprisonment claim. Although defendant did not preserve that contention, we nevertheless address it in the context of defendant's challenge to the weight of the evidence (see Almuganahi v Gonzalez, 174 AD3d 1492, 1493 [4th Dept 2019]; Berner v Little, 137 AD3d 1675, 1676 [4th Dept 2016]). "A motion to set aside a jury verdict as against the weight of the evidence should not be granted unless 'the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached upon any fair interpretation of the evidence' " (Gumas v Niagara Frontier Tr. Metro Sys., Inc., 189 AD3d 2095, 2096 [4th Dept 2020], quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
"A plaintiff asserting a common-law claim for false imprisonment must establish that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement [*2]and did not consent to the confinement, and that the confinement was not otherwise privileged" (Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Oakley v City of Rochester, 71 AD2d 15, 18 [4th Dept 1979], affd 51 NY2d 908 [1980]). "For purposes of the privilege element . . . , an act of confinement is privileged if it stems from a lawful arrest supported by probable cause" (De Lourdes Torres, 26 NY3d at 759). The Court of Appeals, in outlining the considerations relevant to that element, has noted "that, generally, restraint or detention, reasonable under the circumstances in time and manner, imposed for the purpose of preventing another from inflicting personal injuries or interfering with or damaging real or personal property . . . is not unlawful" (Sindle v New York City Tr. Auth., 33 NY2d 293, 297 [1973] [emphasis added]). In other words, "[w]here, as here, there is no claim that a confinement took place under a valid process issued by a court having jurisdiction . . . , confinement that would otherwise be unlawful will be found to be privileged only if the defendant establishes that it was reasonable under the circumstances and in time and manner" (Casey v State of New York, 148 AD3d 1370, 1372 [3d Dept 2017]; see Zegarelli-Pecheone v New Hartford Cent. Sch. Dist., 132 AD3d 1258, 1259 [4th Dept 2015]). "[T]he reasonableness of [a] plaintiff['s] restraint presents a question for the jury to resolve" (Barrett v Watkins, 82 AD3d 1569, 1572 [3d Dept 2011]).
Here, although the jury concluded that defendant had "reasonable grounds to believe that [p]laintiff . . . had committed or attempted to commit the offense of trespass and/or harassment," the jury also found that plaintiff was not "detained in a reasonable manner" (emphasis added). Thus, we conclude that the verdict is not inconsistent inasmuch as the verdict sheet makes clear that the award of damages for false imprisonment rests upon the finding that defendant's actions were unreasonable and, therefore, not justified (see generally Parvi v City of Kingston, 41 NY2d 553, 559 [1977]). We further conclude that the verdict is not against the weight of the evidence because the evidence, including the proof of plaintiff's extensive injuries, did not so preponderate in defendant's favor that the verdict could not have been reached upon any fair interpretation of the evidence.
Defendant similarly contends that the verdict is against the weight of the evidence with respect to plaintiff's assault cause of action. We reject that contention. It is well established that "it is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (McMillian v Burden, 136 AD3d 1342, 1343-1344 [4th Dept 2016] [internal quotation marks omitted]; see Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013]). Here, the jury's findings with respect to the assault cause of action "reasonably could have been rendered upon the conflicting evidence adduced at trial" (Ruddock v Happell, 307 AD2d 719, 721 [4th Dept 2003]; see 2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 222 AD3d 1436, 1438-1439 [4th Dept 2023]; Rew v Beilein [appeal No. 2], 151 AD3d 1735, 1738 [4th Dept 2017]).
Defendant further contends that the verdict is the result of juror confusion. We reject that contention. Here, we conclude that there is no proof in the record "that the jury was substantially confused by the verdict sheet," with respect to whether it was permitted to consider the actions of security guards other than defendant, "and thus was unable to make a proper determination upon adequate consideration of the evidence" (Martinez v Te, 75 AD3d 1, 6 [1st Dept 2010] [internal quotation marks omitted]; see generally Matter of State of New York v Farnsworth, 107 AD3d 1444, 1444-1445 [4th Dept 2013]).
We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court