25-770-cv
*Aurecchione v. Falco*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-five.

Present:

> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

PHILIP S. AURECCHIONE,

> *Plaintiff-Appellant*,

v.                                                          25-770-cv

LOUIS FALCO III, SHERIFF OF
THE ROCKLAND COUNTY SHERIFF'S
DEPARTMENT (OFFICIAL CAPACITY),
LYNN JOHNSON-RICHARDSON,
OFFICIAL AND INDIVIDUAL CAPACITY,
DIERDRE RYAN, OFFICIAL AND
INDIVIDUAL CAPACITY, THOMAS WALSH,
DISTRICT ATTORNEY OF THE ROCKLAND
COUNTY DISTRICT ATTORNEY'S OFFICE
(OFFICIAL CAPACITY), OFFICER
SEAMUS LYONS, OFFICIAL AND
INDIVIDUAL CAPACITY, OFFICER
JAMES VANCURA, OFFICIAL AND
INDIVIDUAL CAPACITY, OFFICER MARK
COLON, OFFICIAL AND INDIVIDUAL
CAPACITY, OFFICER KERRI KRALIK,
OFFICIAL AND INDIVIDUAL CAPACITY,
OFFICER INVESTIGATOR KIRK BUDNICK,

1

OFFICIAL AND INDIVIDUAL
CAPACITY,

*Defendants-Appellees.*[1]

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ROBERT C. BARCHIESI, II, Barchiesi Law PLLC, Philadelphia, PA. |
| For Defendants-Appellees: | ROBERT B. WEISSMAN, Saretsky Katz Dranoff Weissman & Maynard, L.L.P., Elmsford, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Philip S. Aurecchione appeals from a partial judgment entered on March 11, 2025, in the United States District Court for the Southern District of New York. The district court granted a motion to dismiss the first two causes of action alleged in Aurecchione's third amended complaint brought pursuant to 42 U.S.C. § 1983 against Defendants-Appellees Officers Seamus Lyons, James VanCura, Mark Colon, and Kerri Kralik, and Investigator Kirk Budnick (collectively, the "Officer Defendants") of the Rockland County Sheriff's Department ("RCSD"); Louis Falco III, Sheriff of Rockland County; and Tom Walsh, District Attorney of Rockland County. The district court entered only a partial judgment pursuant to Federal Rule of Civil Procedure 54(b) because the third and fourth causes of action alleged in the third amended complaint are still pending against other defendants. We assume the parties' familiarity with the case.

_____

[1] The Clerk of Court is respectfully directed to amend the caption as indicated.

We recount some of the facts as alleged in the third amended complaint, together with additional facts drawn from materials of which we can take judicial notice (such as documents publicly filed in other court cases) and materials integral to the complaint.[2] On September 3, 2018, Aurecchione was arrested on state charges for unlawfully possessing a firearm and brought to the Rockland County Jail. Based on that same conduct, he was also charged with violating the conditions of his federal supervised release, which had been imposed on a previous federal conviction. Aurecchione was transferred to federal custody, and a federal district court sentenced him to 18 months of imprisonment with no term of supervision to follow. After Aurecchione pleaded guilty in state court, Rockland County Court Judge Kevin F. Russo sentenced him to 2 to 4 years of imprisonment, to be served concurrently with his federal sentence, also with no supervision to follow. Aurecchione remained, for the time being, in federal custody.

In February 2020, the Federal Bureau of Prisons ("BOP") released Aurecchione based on the time he had served since his 2018 arrest. Aurecchione alleges that, at the time of his release, he was under the impression that he had fully satisfied both his federal and state prison sentences. But in June 2020, the New York State Department of Corrections and Community Supervision ("DOCCS") notified the RCSD that although Aurecchione had been released from federal custody, he still had time to serve on his concurrent state sentence, and that DOCCS had mistakenly failed to file a timely detainer with the BOP. On July 23, 2020, Judge Russo issued a certificate of conviction setting forth the sentence imposed on Aurecchione and committing him to the custody

---

[2] When considering a motion to dismiss for failure to state a claim, "[w]e consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Santos v. Kimmel*, 154 F.4th 30, 33 (2d Cir. 2025). This includes documents upon which the complaint heavily relies and which are therefore integral to the complaint. *See Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025).

Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

of the RCSD. Aurecchione alleges that Officers Lyons and Kralik also asked the district attorney's office to request that the state court issue an arrest warrant, but Judge Russo denied that request on September 14, 2020. Aurecchione alleges that over the ensuing months, Officers Lyons and Kralik conducted both physical and electronic surveillance of him.

On June 1, 2021—more than fifteen months after his release—the Officer Defendants arrested Aurecchione. After his arrest, Aurecchione was not brought before a judge but was instead taken directly to the Rockland County Jail. A few weeks later, Aurecchione was transferred to the Downstate Correction Facility in Dutchess County without any new order of re-commitment. He was ultimately released from DOCCS custody in September 2021 and placed on parole supervision.[3] Aurecchione's supervision terminated on May 11, 2022.

Shortly thereafter, Aurecchione commenced this § 1983 action seeking monetary damages for violations of his constitutional rights; he filed two amended complaints thereafter. By order entered on September 26, 2023, the district court dismissed the second amended complaint in part, allowing only two claims against Aurecchione's parole officers to go forward. On October 25, 2023, Aurecchione filed his third amended complaint. By order entered on March 5, 2025, the district court once again dismissed all claims in this latest complaint— as before, except for the two claims against the parole officers. On March 7, 2025, the district court entered an amended opinion and order with some clarifications about which of Aurecchione's claims remained. On

---

[3] While in custody at the Downstate Correction Facility, Aurecchione filed a petition for a writ of habeas corpus in state court for immediate release and sought credit for the time he spent erroneously released from prison. On September 9, 2021, Aurecchione was released from custody. Thereafter, in November 2021, the state court denied Aurecchione's habeas petition as moot to the extent that he sought immediate release. But it also held that with respect to the remaining portion of the sentence that Aurecchione was then serving on parole supervision, he was "entitled for credit against his sentence for the period of time he was at large due to the state's failure to lodge a detainer or obtain a warrant for his arrest." Supp. App'x 102.

4

March 11, 2025, the district court entered a partial judgment under Rule 54(b) with respect to the claims that it dismissed. Fed.R.Civ.P. 54(b).

At issue on appeal are the first two causes of action raised in Aurecchione's third amended complaint. Aurecchione styles his first cause of action as a "substantive due process" claim, alleging that Officers Lyons and Kralik violated his rights when they rearrested him following his release from federal custody. App'x at 54. Although he frames this claim in terms of a due process violation, he claims that the arrest violated his rights first because it was not pursuant to an arrest warrant and was therefore an "unlawful search and seizure," and second because (he alleges) his rearrest was unreasonably delayed. *Id.* Aurecchione styles his second cause of action as a "procedural due process" claim, alleging that all of the Officer Defendants violated his rights when they denied him a hearing before he was reincarcerated. *Id.* at 56. As noted above, the district court dismissed both claims.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Kellogg v. Nichols*, 149 F.4th 155, 159 (2d Cir. 2025). The complaint must be construed liberally, with all factual allegations accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See Clark v. Hanley*, 89 F.4th 78, 90–91 (2d Cir. 2023). Even so, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## I.     Officers Lyons and Kralik Are Entitled to Qualified Immunity on Aurecchione's Substantive Due Process Claim

The district court dismissed Aurecchione's substantive due process claims against Officers Lyons and Kralik on the grounds that they had probable cause to arrest Aurecchione, which is a

complete defense against a false arrest claim, and that any delay in his rearrest did not prejudice Aurecchione.  Because we review *de novo* the district court's grant of a motion to dismiss, we may affirm on any grounds supported by the record. *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022).  Here, the facts in the record support the conclusion that Officers Lyons and Kralik are entitled to qualified immunity on the substantive due process claim, and so we affirm the district court's dismissal of Aurecchione's first claim on that basis alone.

When considering a qualified immunity defense at the motion to dismiss stage, defendants must show that "the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  With the benefit of those inferences, we then look to whether "a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  We "have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." *Id.*  In this case, we need not address the first prong of the qualified immunity analysis.  That is, we need not determine whether an erroneously released prisoner has a right not to be rearrested without an arrest warrant or without unreasonable delay; nor, if such a right exists, do we need to determine the contours of such a right.  Instead, we conclude that Aurecchione fails to satisfy the second prong of the qualified immunity test.  Taking all the allegations in the third amended complaint as true and drawing all inferences in Aurecchione's favor, we conclude that he has not alleged that Officers Lyons and Kralik violated a "clearly established" right when they rearrested him.

When determining whether a right is clearly established, we look to whether the Supreme Court or our Court has confirmed the existence of such a right, or if the right's existence "is supported by a robust consensus of cases of persuasive authority." *Sloley v. VanBramer*, 945 F.3d 30, 40 (2d Cir. 2019). Here, Aurecchione does not point to any opinion of our Court or the Supreme Court that clearly establishes the right of a prisoner who was erroneously released not to be rearrested to serve the remainder of a legally imposed sentence, except upon an arrest warrant; nor does he point to any governing precedent that clearly establishes such a person's right to a speedy arrest following an erroneous release. Aurecchione directs our attention to the decisions of other courts that have entertained the possibility that rearrest of a mistakenly released prisoner could give rise to a constitutional violation, at least after an unduly extended period. But these opinions have not generated anything resembling a consensus of authority, even on the predicate question of whether such an erroneously released prisoner has a constitutionally protected liberty interest in his continued freedom. *See Vega v. United States*, 493 F.3d 310, 316 (3d Cir. 2007) (acknowledging that courts of appeals have taken "diverging paths" when assessing whether the rearrest and reincarceration of erroneously released prisoners can give rise to a constitutional right to credit for time spent at liberty). *Compare, e.g., Hurd v. D.C., Gov't*, 864 F.3d 671, 682 (D.C. Cir. 2017) (holding that "[a] prisoner who is released from prison early does in certain circumstances have a protected liberty interest entitling him to some form of process before re-incarceration"), *with Henderson v. Simms*, 223 F.3d 267, 274–75 (4th Cir. 2000) (concluding that a "prisoner who is mistakenly released does not have a protected liberty interest because . . . he does not have a legitimate claim of entitlement to freedom"). Given this divergence of views, it cannot be said that Officers Lyons and Kralik were on clear notice that their conduct in this case was unconstitutional.

Additionally, with respect to Aurecchione's claim that Officers Lyons and Kralik violated his rights by arresting him without a warrant, New York law appears to facially authorize such an arrest based on the state-court-issued certificate of conviction. That document, signed by a New York state court judge, expressly committed Aurecchione "to the custody of the Rockland County Sheriff's Department, Corrections Division and to be dealt with in accordance with the laws pertaining to his sentence." Supp. App'x at 94. New York Criminal Procedure Law § 380.60 provides that "a sentence and commitment or certificate of conviction showing the sentence pronounced by the court . . . constitutes the authority for execution of the sentence and serves as the order of commitment, and no other warrant, order of commitment or authority is necessary to justify or to require execution of the sentence." New York state courts have interpreted this section of the NYCPL to mean that "where a facially valid order issued by a court with proper jurisdiction directs confinement, that confinement is privileged and everyone connected with the matter is protected from liability for false imprisonment." *Holmberg v. Cnty. of Albany*, 738 N.Y.S.2d 701, 703 (3d Dep't 2002). Aurecchione has not directed us to any authority suggesting that Officers Lyons and Kralik lacked constitutional or statutory authority to re-arrest him pursuant to § 380.60 without, additionally, an arrest warrant. Accordingly, we hold that Officers Lyons and Kralik are entitled to qualified immunity on Aurecchione's first claim.

## II. Aurecchione Fails to Plead the Personal Involvement of the Officer Defendants in the Procedural Due Process Claim

The district court dismissed Aurecchione's procedural due process claim against the Officer Defendants—that they deprived him of a judicial hearing prior to his reincarceration—on the basis that Aurecchione failed to plead the personal involvement of any of the officers in the alleged constitutional deprivation. To successfully advance a due process claim, "a plaintiff must

8

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). It is not enough to simply name the defendants in the complaint. *Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020). We agree with the district court that Aurecchione's third amended complaint is completely devoid of any factual allegations demonstrating the Officer Defendants were directly involved in depriving him of a hearing after his arrest. On this point, the complaint states vaguely that the Officer Defendants "collectively caused the blatant disregard for the Plaintiff's procedural due process rights. Their collective and individual actions and omissions, and the duties they neglected, form the crux of the Plaintiff's grievances under this count." App'x at 57. Such "mere conclusory statements" are insufficient to link the Officer Defendants to the alleged violation of his rights. *Iqbal*, 556 U.S. at 678. Accordingly, we affirm the district court's dismissal of Aurecchione's procedural due process claim against the Officer Defendants.[4]

## III. The Claims Against the Rockland County Sheriff and District Attorney Were Abandoned

Aurecchione also challenges the district court's dismissal of his claims against the sheriff and district attorney of Rockland County in their official capacities, which were based on a theory of municipal liability pursuant to *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978). But Aurecchione included such claims only in his *second* amended

---

[4] In his second amended complaint, Aurecchione advanced false arrest and malicious prosecution claims against the Officer Defendants as well as Defendants Falco and Walsh. The district court dismissed these claims without prejudice. Erring on the side of caution, we construe his third amended complaint to renew his malicious prosecution and false arrest claims—though against the Officer Defendants only. We agree with the district court that both claims fail because the Officer Defendants undisputedly had probable cause to believe that Aurecchione had not fully served his state prison sentence. *See Stansbury v. Wertman*, 721 F.3d 84, 89, 94-95 (2d Cir. 2013) (holding that probable cause is an absolute and complete defense to false arrest and malicious prosecution claims). Moreover, the malicious prosecution claim independently fails because Aurecchione fails to plead another critical element of such a claim: that a defendant "commenced or continued a criminal proceeding against him." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). Aurecchione alleged only that he was reincarcerated, not that he was prosecuted another time.

9

complaint. The district court dismissed those claims without prejudice and granted Aurecchione leave to amend. When Aurecchione filed a third amended complaint, he did not include claims against any Rockland County policymaking officials, much less against the sheriff and district attorney. Because an amended complaint "supercedes [sic] the original," it renders all prior complaints "of no legal effect." *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998). Aurecchione waived his claims against Rockland County by failing to raise them in his third amended complaint, and we therefore cannot consider them on appeal. *See Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025) (holding that when an amended complaint omits a claim that was raised in the original complaint, all causes of action not alleged in the amended complaint are waived); *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155-56 (2d Cir. 1998) (affirming district court's conclusion that plaintiff abandoned claims against defendant by not naming him in proposed amended complaint).

*       *       *

We have considered Aurecchione's remaining arguments and find them unpersuasive. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

10