■ JENNIE PANTAZIS, Respondent, v BLEAU TOWING SERVICE, INC., et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Ford, J.), entered September 28, 1987 in Albany County, upon a decision of the court, without a jury, in favor of plaintiff.

In November 1978, plaintiff had trouble starting her car and called defendants* to tow it to the repair shop and fix it. Defendants got the car running but a dispute arose between the parties concerning who was responsible for other problems with the car. As was usual from prior business between the parties, plaintiff removed the car from defendants' shop and defendants billed plaintiff $215.01 for the tow and repair work. Plaintiff refused to pay because she thought defendants caused the other problems.

---

* The individual defendant was the sole shareholder and officer of the corporate defendant.

By summons with notice dated September 24, 1979, plaintiff sued the corporate defendant in the Town of Coeymans Justice Court for negligent repairs and breach of warranty. On September 27, 1979, the individual defendant swore out an information complaint with the Town of Bethlehem Police Department charging plaintiff with petit larceny for failing to pay for the repairs. By notice of appearance and retainer dated October 3, 1979, the corporate defendant appeared in the Coeymans Justice Court action. On November 14, 1979, plaintiff was arrested and spent about an hour at the Bethlehem Police station, where she was fingerprinted, photographed and given a court appearance ticket. A report of plaintiff's arrest appeared in the local newspaper. On March 17, 1980, the criminal charge was dismissed. It is unclear how the Coeymans Justice Court action was resolved.

Thereafter, plaintiff commenced this action for damages alleging, in an inartfully drawn complaint, false imprisonment, malicious prosecution and abuse of process. Defendants counterclaimed to recover $215.01 for services rendered. Following a nonjury trial, Supreme Court found that plaintiff proved her causes of action and awarded $5,500 in damages. The court also awarded the corporate defendant $215.01 on its counterclaim. Defendants appeal from the judgment entered in favor of plaintiff.

We affirm. We reject defendants' argument that plaintiff failed to prove false imprisonment because the arrest was privileged as made pursuant to a valid arrest warrant. An element of false imprisonment is that the confinement was not privileged and arrests pursuant to a valid warrant are generally privileged (*Broughton v State of New York*, 37 NY2d 451, 456, 457-458, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). But a wrongful accusation resulting in an arrest is not privileged and can give rise to liability for false imprisonment (*see, Dunn v City of Syracuse*, 83 AD2d 783; *Ross v Village of Wappingers Falls*, 62 AD2d 892; *cf., Grinnell v Weston*, 95 App Div 454). The record shows that the individual defendant knew that the repair bill was disputed but swore out the criminal charge anyway. Indeed, plaintiff's arrest occurred some six weeks after the corporate defendant had appeared in the Coeymans Justice Court action contesting defendants' repair work. These facts support the finding that plaintiff's arrest was not privileged as to defendants.

We next reject defendants' argument that plaintiff failed to prove malice and lack of probable cause, which are essential elements of malicious prosecution (*Colon v City of New York*,

60 NY2d 78, 82). Probable cause in this context entails "such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (supra at 82). In this case, there was a known dispute over the repairs to plaintiff's car. A reasonable person in such circumstances would not have thought plaintiff guilty of petit larceny, but would have sought resolution of the dispute through negotiation or civil litigation. Criminal charges to settle a civil dispute are not reasonable (cf., People v Gasbara, 95 AD2d 333, 335) and, thus, there was lack of probable cause. These facts also support the conclusion that defendants acted with malice, which can be inferred by the gross disregard for plaintiff's rights (see, Jestic v Long Is. Sav. Bank, 81 AD2d 255, 258).

The remaining issues require little discussion. The evidence presented supports Supreme Court's conclusion that plaintiff established her cause of action for abuse of process. The finding that plaintiff had permission to remove her car finds sufficient support in the record, especially considering that defendants had previously serviced plaintiff's cars and extended credit for the work. Supreme Court's failure to apportion the damages awarded among the three causes of action is of no practical effect in this case and does not require reversal. Finally, plaintiff has not appealed from the judgment and, thus, cannot now challenge the amount awarded by seeking judgment on the pleadings for the amount alleged because defendants did not deny that allegation.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.