■ VIOLET MINASIAN, Appellant, v GREGORY D. LUBOW et al., Respondents. [856 NYS2d 255]—

Kane, J.

Plaintiff owns property adjacent to property owned by

defendants Julius Warm and Marian Warm. The Warms commenced an action against plaintiff alleging that they had gained title to a portion of plaintiff's deeded property through adverse possession. Defendant Greg D. Lubow,[1] an attorney and the Warms' son-in-law, initially represented them in that action. Approximately one year after that action was commenced, plaintiff had a contractor cut down a tree and a portion of another tree on the disputed property. As a result, Lubow filed a criminal complaint charging plaintiff with criminal mischief in the fourth degree. When the District Attorney's office refused to prosecute, the criminal complaint was dismissed in the interest of justice.

Plaintiff then commenced this action alleging malicious prosecution, abuse of process, defamation and intentional infliction of emotional distress. This action was consolidated with the adverse possession action. At the end of the proof at trial, defendants moved to dismiss all claims against them. Supreme Court (Connor, J.) denied the motion as to the malicious prosecution claim against Lubow and granted it as to the remainder of the claims. The jury found for plaintiff on the adverse possession action and for Lubow on the malicious prosecution claim. The court (Pulver, Jr., J.) subsequently entered a judgment on the verdict. Plaintiff appeals from the portion of the judgment in favor of defendants.[2]

The verdict in favor of Lubow was not against the weight of the evidence. A jury verdict for a defendant should only be set aside as against the weight of the evidence if the evidence so preponderated in favor of the plaintiff "that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Simpson v Simpson*, 222 AD2d 984, 986 [1995]; *see Krieg v Peters*, 46 AD3d 1190, 1191 [2007]). To prevail on her malicious prosecution claim, plaintiff had to show that a civil or criminal proceeding was commenced, it terminated in her favor, there was no probable cause for the proceeding, the proceeding was brought out of malice and plaintiff suffered a special injury (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Williams v Barber*, 3 AD3d 695, 696-697 [2004]).

A person commits criminal mischief in the fourth degree when, "having no right to do so nor any reasonable ground to

---

**1.** Although named in the complaint as Gregory D. Lubow, Lubow avers that his proper name is Greg D. Lubow.

**2.** As plaintiff's brief does not address dismissal of her causes of action for defamation and intentional infliction of emotional distress, we deem any arguments on those claims abandoned (*see Matter of Trudeau v Cantwell*, 31 AD3d 844, 845 n 1 [2006]).

believe that he [or she] has such right, he [or she] . . . [i]ntentionally damages property of another person" (Penal Law § 145.00 [1]). Lubow testified that he filed a criminal complaint against plaintiff charging that crime. Plaintiff's arrest qualified as a special injury (*cf. Engel v CBS, Inc.*, 93 NY2d 195, 205 [1999]). The dismissal in the interest of justice, based upon the prosecutor's refusal to prosecute what he deemed a civil matter, was not inconsistent with plaintiff's innocence and thus constituted a termination in her favor (*see Cantalino v Danner*, 96 NY2d at 395). By deed, the trees that plaintiff had cut were located on her property. Although an adverse possession claim was pending, and it may have been more prudent for her to refrain from cutting on the disputed property, no injunction or restraining order prohibited her actions. Under the circumstances, plaintiff had a reasonable ground to believe that she had a right to cut the trees, and it was questionable whether she was cutting her own property as opposed to the "property of another person" (Penal Law § 145.00 [1]). Hence, probable cause was lacking (*see Pantazis v Bleau Towing Serv.*, 145 AD2d 816, 818 [1988]). "[A] jury may, but is not required to, infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding" (*Martin v City of Albany*, 42 NY2d 13, 17 [1977]). Although the other elements were established, the jury could have concluded, on a fair interpretation of the evidence and despite the lack of probable cause, that no actual malice existed. Thus, the verdict in Lubow's favor was not against the weight of the evidence.

The jury's finding in Lubow's favor on the malicious prosecution cause of action renders Supreme Court's dismissal of that cause of action against the Warms academic, because the cause of action for malicious prosecution against the Warms was dependent upon their alleged support, encouragement and importuning of Lubow's actions. If he is not liable, as the jury found, then the Warms cannot be liable either.

Supreme Court (Connor, J.) did not err in dismissing the abuse of process cause of action against all defendants. A court may grant a motion to dismiss a claim at the close of proof if no issues of fact remain and there is no rational basis on which a jury could find for the nonmoving party, even when giving that party every favorable inference which can reasonably be drawn from the evidence (*see Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; *Sherry v North Colonie Cent. School Dist.*, 39 AD3d 986, 989-990 [2007]; *Winslow v Freeman*, 257 AD2d 698, 699 [1999]). The elements of abuse of process are "regularly issued process, either civil or criminal, an intent to

do harm without excuse or justification, and use of the process in a perverted manner to obtain a collateral objective" (*Plataniotis v TWE-Advance/Newhouse Partnership*, 270 AD2d 627, 630 [2000]; *see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). In general, a claim of abuse of process will only lie for improperly using process after it is issued (*see Curiano v Suozzi*, 63 NY2d at 117; *but see Parkin v Cornell Univ.*, 78 NY2d 523, 530 [1991] [leaving open question whether abuse of process claims can be based on issuance of process itself]). Plaintiff presented proof that Lubow issued process when he filed the criminal complaint, the Warms may have encouraged or urged him to do so and defendants may have unjustifiably intended to harm her through those actions. There was no proof, however, that any defendant utilized the process in a manner inconsistent with the purpose for which it was designed (*compare Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]). Accordingly, the court properly dismissed the abuse of process claim because there was no rational basis upon which the jury could have found for plaintiff on that claim.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.