# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

561

CA 12-02015

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

JASON KIRCHNER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF NIAGARA, CLAUDETTE CALDWELL, ESQ.,
COUNTY OF ERIE, JAMES J. WOYTASH, M.D. AND
UNIVERSITY AT BUFFALO PATHOLOGISTS, INC.,
DEFENDANTS-APPELLANTS.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ELIZABETH M. BERGEN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS COUNTY OF NIAGARA AND CLAUDETTE
CALDWELL, ESQ.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF
COUNSEL), FOR DEFENDANT-APPELLANT COUNTY OF ERIE.

FELDMAN KIEFFER, LLP, BUFFALO (MATTHEW J. KIBLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS JAMES J. WOYTASH, M.D. AND UNIVERSITY AT BUFFALO
PATHOLOGISTS, INC.

HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Niagara County
(Catherine Nugent Panepinto, J.), entered February 1, 2012. The order
denied the motions of defendants to dismiss the complaint, and granted
the cross motion of plaintiff for leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this malicious prosecution
action after he was arrested and indicted for the death of his seven-
month-old daughter. Supreme Court, inter alia, denied the motions of
defendants insofar as they sought to dismiss the complaint, and
defendants now appeal. We affirm.

On these motions to dismiss, we accept the facts alleged in the
complaint as true and accord plaintiff the benefit of every favorable
inference (*see Daley v County of Erie*, 59 AD3d 1087, 1087-1088).
According to plaintiff, his daughter fell from a couch and struck her
head on a television tray the day before she died. The fall left a
mark on the infant's forehead. She died the following evening after
she stopped breathing, and defendant James J. Woytash, M.D., the Chief

Medical Examiner of Erie County, conducted an autopsy the day after her death.  Defendant University at Buffalo Pathologists, Inc. provided Woytash's services to defendant County of Erie pursuant to a contract.  The County of Erie, in turn, provided defendant County of Niagara with forensic autopsy services pursuant to a contract. Woytash concluded that the infant's death was caused by complications from a head injury, with a respiratory infection as a contributing factor, but ultimately concluded that the cause of death was undetermined.

Defendant Claudette Caldwell, Esq., an assistant district attorney with the Niagara County District Attorney's Office, recommended in June 2009 that the case be closed.  Plaintiff alleged that his estranged wife thereafter contacted Caldwell and convinced her to reopen the investigation.  Caldwell allegedly told Woytash that "no criminal prosecution would be possible unless evidence could be presented to the grand jury that would place the time of the head injury to no more than six hours prior to the time of [the infant's] death."  Woytash allegedly fabricated findings that had no scientific basis, which were communicated to the police and later to a grand jury.  Plaintiff was indicted for two counts of criminally negligent homicide and one count of manslaughter.  After receiving an affidavit from plaintiff's expert challenging the testimony of Woytash before the grand jury, the Niagara County District Attorney's Office moved to dismiss the indictment, and the motion was granted.

The four elements of a cause of action for malicious prosecution are "that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (*Cantalino v Danner*, 96 NY2d 391, 394; *see Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929; *Nichols v Xerox Corp.*, 72 AD3d 1501, 1502).  The County of Erie contends that plaintiff "failed to demonstrate" that the County of Erie, either on its own or as the employer of Woytash, commenced or continued a criminal proceeding against plaintiff.  The County of Erie improperly raises that contention for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, it is without merit.  On this motion to dismiss, we need only determine "whether the facts as alleged fit within any recognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).  Although plaintiff was investigated in Niagara County, was arrested in Niagara County, was indicted in Niagara County, and was ultimately exonerated in Niagara County, a person may be liable for malicious prosecution for commencing a criminal proceeding where the person "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Viza v Town of Greece*, 94 AD2d 965, 966, *appeal dismissed* 64 NY2d 776).  Here, the allegations in the complaint sufficiently state that Woytash, as the employee of the County of Erie, played such an active role in the prosecution by giving false findings to the police and false testimony to the grand jury.

We reject the contention of the County of Niagara and Caldwell that plaintiff failed to state a cause of action for malicious

prosecution against them with respect to the element of lack of probable cause for the criminal proceeding.  Once a suspect has been indicted, the grand jury action creates a presumption of probable cause (*see Colon v City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670; *Santiago v City of Rochester*, 19 AD3d 1061, 1062).  "If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (*Colon*, 60 NY2d at 83).  Here, the complaint sufficiently alleges fraud, perjury, and conduct undertaken in bad faith.  Plaintiff alleged that the police concluded in their initial investigation, based upon statements by Woytash, that the infant's death was accidental, and the case was closed.  However, after plaintiff's wife spoke with Caldwell, Caldwell allegedly began a campaign to bring charges against plaintiff despite knowing that plaintiff's wife was giving inconsistent information.  Plaintiff alleged that Caldwell encouraged or coached Woytash to provide false information to the police and false testimony to the grand jury regarding the infant's cause of death and time of death.  Plaintiff further alleged that Caldwell and Woytash were aware that the information was not mentioned in the autopsy report, was not supported by any document, and had no scientific basis.

The County of Erie, the County of Niagara, and Caldwell contend that plaintiff failed to state a cause of action against them for malicious prosecution because plaintiff did not allege any special duty that was owed by them to him.  In a negligence-based claim against a municipality, a plaintiff must allege that a special duty existed between the municipality and the plaintiff (*see Valdez v City of New York*, 18 NY3d 69, 75; *Laratro v City of New York*, 8 NY3d 79, 82-83).  Such a requirement is wholly distinct from any immunity defense (*see Valdez*, 18 NY3d at 77-78).  Plaintiff, however, withdrew his cause of action for negligent hiring, training, and supervision and is asserting a cause of action only for malicious prosecution.  As previously noted herein, however, the existence of a special duty owed to the plaintiff is not an element of that cause of action (*see Cantalino*, 96 NY2d at 394).

We reject the contention of the County of Niagara and Caldwell that the complaint fails to state a cause of action against them because they are entitled to prosecutorial immunity.  Prosecutorial immunity provides absolute immunity "for conduct of prosecutors that was 'intimately associated with the judicial phase of the criminal process' " (*Buckley v Fitzsimmons*, 509 US 259, 270, quoting *Imbler v Pachtman*, 424 US 409, 430; *see Rodrigues v City of New York*, 193 AD2d 79, 85), i.e., conduct that involves " 'initiating a prosecution and in presenting the State's case' " (*Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 285, quoting *Imbler*, 424 US at 431; *see Cunningham v State of New York*, 71 AD2d 181, 182).  Thus, a prosecutor's conduct in preparing for those functions may be absolutely immune, but acts of investigation are not (*see Buckley*, 509 US at 270).  Prosecutors are afforded only qualified immunity when acting in an investigative capacity (*see id.* at 275; *Johnson*, 308 AD2d

at 285; *Claude H. v County of Oneida*, 214 AD2d 964, 965).  The focus
is on the conduct for which immunity is claimed (*see Buckley*, 509 US
at 271).  It is therefore the case that, where the prosecutor advises
the police (*see Burns v Reed*, 500 US 478, 493-495) or performs
investigative work in order to decide whether a suspect should be
arrested (*see Buckley*, 509 US at 273-275), the prosecutor is not
entitled to absolute immunity.

     We reject the contention of the County of Niagara and Caldwell
that, according to the allegations in the complaint, Caldwell was
simply evaluating the evidence assembled by the police and thus that
they are entitled to absolute immunity.  The police interviewed
plaintiff and spoke with plaintiff's wife and Woytash.  Based on their
investigation, including information they received from Woytash, they
told plaintiff that they believed the incident was an accident, and
Caldwell recommended that the case be closed.  However, plaintiff
alleges that Caldwell spoke with Woytash after speaking with
plaintiff's wife and coached or encouraged him to lie about the cause
of death and the time of the head injury.  Woytash fabricated findings
and gave them to the police, and plaintiff was indicted on the charges
after Woytash testified before the grand jury.  Inasmuch as the case
was closed at the time she spoke with Woytash, it cannot be said that
Caldwell was simply evaluating the evidence.  Rather, she was
performing investigative functions, which are not protected by
absolute immunity (*see Buckley*, 509 US at 274; *Della Pietra v State of
New York*, 125 AD2d 936, 938, *affd* 71 NY2d 792).  We also reject the
contention of the County of Niagara and Caldwell that they were
entitled to qualified immunity.  Qualified immunity shields a
government employee from liability except where the acts were made in
bad faith or the action was taken without a reasonable basis (*see
Arteaga v State of New York*, 72 NY2d 212, 216; *Della Pietra*, 71 NY2d
at 798).  Here, plaintiff alleged that Caldwell's actions were made in
bad faith, thus precluding application of the defense of qualified
immunity at this stage of the litigation (*cf. Arzeno v Mack*, 39 AD3d
341, 342).

     Finally, we reject the contention of defendants that the
complaint fails to state a cause of action against them for malicious
prosecution because they are entitled to absolute governmental
immunity.  The governmental function immunity defense "shield[s]
public entities from liability for discretionary actions taken during
the performance of governmental functions" (*Valdez*, 18 NY3d at 76).
This limitation on liability " 'reflects a value judgment that—despite
injury to a member of the public—the broader interest in having
government officers and employees free to exercise judgment and
discretion in their official functions, unhampered by fear of second-
guessing and retaliatory lawsuits, outweighs the benefits to be had
from imposing liability for that injury' " (*Mon v City of New York*, 78
NY2d 309, 313, *rearg denied* 78 NY2d 1124; *see Haddock v City of New
York*, 75 NY2d 478, 484; *Arteaga*, 72 NY2d at 216).

     "Whether an action of a governmental employee or official is
cloaked with any governmental immunity requires an analysis of the

functions and duties of the actor's particular position and whether they inherently entail the exercise of some discretion and judgment . . . If these functions and duties are essentially clerical or routine, no immunity will attach" (*Mon*, 78 NY2d at 313; *see Arteaga*, 72 NY2d at 216).  Discretionary acts "involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (*Tango v Tulevech*, 61 NY2d 34, 41; *see Lauer v City of New York*, 95 NY2d 95, 99; *Haddock*, 75 NY2d at 484).  If a functional analysis shows that the employee's position is sufficiently discretionary, then the municipal defendant must also show "that the discretion possessed by its employees was in fact exercised in relation to the conduct on which liability is predicated" (*Valdez*, 18 NY3d at 76; *see Mon*, 78 NY2d at 313 ["(I)t must then be determined whether the conduct giving rise to the claim is related to an exercise of that discretion"]).  "[G]overnmental immunity does not attach to every action of an official having discretionary duties but [attaches] only to those involving an exercise of that discretion" (*Mon*, 78 NY2d at 313; *see Haddock*, 75 NY2d at 485).

Here, the functions and duties of Woytash in his capacity as the Medical Examiner include conducting an autopsy, reporting his findings to the police, and testifying before a grand jury.  The functions and duties of Caldwell in her capacity as an assistant district attorney include evaluating the evidence assembled by police officers.  Those functions and duties are discretionary (*see Mon*, 78 NY2d at 313-314).  Based on plaintiff's allegations, however, it cannot be said that the conduct of Woytash and Caldwell was related to an exercise of their discretionary duties.  Plaintiff alleged that Woytash fabricated findings and gave testimony that was not included in his autopsy report, and that Caldwell coached Woytash to lie.  That alleged conduct plainly did not involve the exercise of "reasoned judgment which could typically produce different acceptable results" (*Tango*, 61 NY2d at 41).

Entered:  June 28, 2013                          Frances E. Cafarell
                                                 Clerk of the Court