*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 23, 2014      517788
     517785

_____

PETER PLACE,

         Appellant,

     v                   MEMORANDUM AND ORDER

MICHAEL CICCOTELLI,

         Respondent.

_____

Calendar Date: September 5, 2014

Before: Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

John M. Hogan Jr., Saratoga Springs, for appellant.

Alisa Dalton, Saratoga Springs, for respondent.

_____

Stein, J.P.

Appeals (1) from an order of the Supreme Court (Crowell, J.), entered July 9, 2013 in Saratoga County, which denied plaintiff's motion to, among other things, strike a request for judicial intervention filed by defendant, and (2) from an order of said court, entered July 10, 2013 in Saratoga County, which granted defendant's motion to dismiss the complaint.

Plaintiff and defendant are majority shareholders in a corporation that is the subject of an acrimonious judicial dissolution proceeding commenced by defendant (Matter of Stony Creek Preserve Inc., ___ AD3d ___ [decided herewith]). As the parties were leaving an examination before trial in relation to that proceeding, a physical encounter occurred and defendant subsequently filed a police report and signed a criminal complaint alleging that plaintiff threatened and shoved

defendant.  As a result, plaintiff was arrested and charged with harassment in the second degree, a violation, and a temporary order of protection was issued requiring plaintiff to stay away from defendant.  Additionally, defendant allegedly stated to members of a gun club, of which the parties were both members, that plaintiff was dishonest and had cheated defendant. Plaintiff was acquitted of the criminal charges after a trial and he subsequently commenced this action for damages, alleging malicious prosecution, abuse of process and defamation. Plaintiff thereafter moved to vacate the request for judicial intervention filed by defendant's attorney, which set forth the judicial dissolution proceeding as a related case, and also requested that the court recuse itself from the proceeding. Supreme Court denied plaintiff's motion in its entirety. Defendant then filed a pre-answer motion to dismiss the complaint arguing, among other things, that it failed to state a cause of action (see CPLR 3211 [a] [7]).  Supreme Court granted the motion and plaintiff now appeals from both orders.

Supreme Court properly denied plaintiff's motion to vacate the request for judicial intervention, which was filed by defendant's counsel after defendant was served with process, as authorized by 22 NYCRR 202.6 (a).  Moreover, we discern no basis to disturb Supreme Court's determination that the instant action and the judicial dissolution proceeding were "sufficiently related to justify the assignment" of both of them to the same judge (see 22 NYCRR 202.3; see also Matter of Morfesis v Wilk, 138 AD2d 244, 246 [1988], appeal dismissed 72 NY2d 914 [1988]; 105 NY Jur 2d, Trial § 8).  Nor do we find Supreme Court's denial of plaintiff's recusal request — which did not allege any legal basis for disqualification under Judiciary Law § 14 — to be an abuse of its discretion (see Clark v Farmers New Century Ins. Co., 117 AD3d 1208, 1210 [2014]; Matter of Moore v Palmatier, 115 AD3d 1069, 1070 [2014]; Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1159 [2012], lv dismissed 19 NY3d 874 [2012]).

Turning to the motion to dismiss, we conclude that Supreme Court erred in dismissing plaintiff's malicious prosecution cause of action.  The elements of such a claim are "(1) the commencement or continuation of a criminal proceeding by the

defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]; accord Moulton v State of New York, 114 AD3d 115, 125 [2013]; see Grucci v Grucci, 20 NY3d 893, 896 [2012]). As is particularly relevant here, "[i]n order for a civilian complainant to be considered to have initiated a criminal proceeding, 'it must be shown that [the complainant] played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act'" (Barrett v Watkins, 82 AD3d 1569, 1572 [2011], quoting Viza v Town of Greece, 94 AD2d 965, 966 [1983], appeal dismissed 64 NY2d 776 [1985]; see Robles v City of New York, 104 AD3d 829, 830 [2013]; Nieminski v Cortese-Green, 74 AD3d 1550, 1551 [2010]; Krzyzak v Schaefer, 52 AD3d 979, 980 [2008]; see also Grucci v Grucci, 20 NY3d at 895).

In this case, the complaint alleges that defendant falsely informed the police that plaintiff had threatened and pushed him, which led to his arrest and prosecution. Similar allegations that a complainant has knowingly provided false information to the police or withheld information from police have been found to be sufficient to state that the complainant initiated the proceeding by playing an active role in the other party's arrest and prosecution (see Kirchner v County of Niagara, 107 AD3d 1620, 1622 [2013]; Lupski v County of Nassau, 32 AD3d 997, 998 [2006]; Brown v Nassau County, 306 AD2d 303, 303 [2003]; Ramos v City of New York, 285 AD2d 284, 299-300 [2001]; see also Grucci v Grucci, 20 NY3d at 901-902 [Pigott, J., dissenting]; PJI 3:50.2). Thus, when we construe the pleadings liberally and give plaintiff the benefit of every reasonably favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the allegations contained in the complaint are sufficient to state a cause of action for malicious prosecution (see Kirchner v County of Niagara, 107 AD3d at 1622).

With respect to the abuse of process claim, the three essential elements are "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or

justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]; accord Kosmider v Garcia, 111 AD3d 1134, 1137 [2013]; Minasian v Lubow, 49 AD3d 1033, 1035-1036 [2008]).  In general, such a claim "will only lie for improperly using process after it is issued" (Minasian v Lubow, 49 AD3d at 1036; see Curiano v Suozzi, 63 NY2d at 117; Liss v Forte, 96 AD3d 1592, 1593 [2012]; but see Parkin v Cornell Univ., 78 NY2d 523, 530 [1991]), and a malicious motive alone is insufficient to give rise to a cause of action to recover for abuse of process (see Curiano v Suozzi, 63 NY2d at 117; Matthews v New York City Dept. of Social Servs., Child Welfare Admin., 217 AD2d 413, 415 [1995], lv denied 87 NY2d 812 [1996]; Butler v Ratner, 210 AD2d 691, 693 [1994], lv dismissed 85 NY2d 924 [1995]).  Here, plaintiff's allegations in the complaint pertaining to this cause of action, even construed liberally, fail to allege that defendant actually used process improperly – either the order of protection or the arrest warrant – "in a manner inconsistent with the purpose for which it was designed" (Minasian v Lubow, 49 AD3d at 1036; cf. D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 960 [2014]).  Thus, Supreme Court properly granted defendant's motion to dismiss this claim.

We discern no error in Supreme Court's dismissal of plaintiff's defamation cause of action.  The complaint not only fails to "sufficiently articulate the . . . time, manner and persons to whom the alleged defamatory statements were made" (Dobies v Brefka, 273 AD2d 776, 777 [2000], lv dismissed 95 NY2d 931 [2000] [internal quotation marks and citations omitted]; see Martin v Hayes, 105 AD3d 1291, 1293 [2013]; compare Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1560 [2010]), it is bereft of any allegation that plaintiff sustained special damages or alleged facts that would constitute slander per se (see Liberman v Gelstein, 80 NY2d 429, 434-436 [1992]).  To the extent that plaintiff asserts that Supreme Court abused its discretion by failing to permit him to amend the complaint, we need only note that there is no indication in the record that plaintiff made a request to do so.  Plaintiff's remaining contentions have been considered and found to be lacking in merit.

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order entered July 9, 2013 is affirmed, without costs.

ORDERED that the order entered July 10, 2013 is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the malicious prosecution cause of action; motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court