Appeals from a judgment of the Supreme Court, Westchester County (Lester B. Adler, J.), dated June 13, 2014, and an order of that court (Francesca E. Connolly, J.) dated April 1, 2015. The judgment, insofar as appealed from, upon denying the defendants’ motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the complaint, and upon a jury verdict, is in favor of the plaintiff and against the defendant Sammy El Jamal in the principal sums of $285,000 for compensatory damages on the cause of action alleging malicious prosecution, $1,500,000 for punitive damages on that cause of action, $1,500,000 for compensatory damages on the cause of action alleging prima facie tort, and $1,500,000 for compensatory damages on the cause of action alleging abuse of process, and in favor of the plaintiff and against the defendant Bryan Orser in the principal sums of $125,000 for compensatory damages on the cause of action alleging malicious prosecution, and $100,000 for compensatory damages on the cause of action alleging prima facie tort. The order denied the defendants’ separate motions pursuant to CPLR 4404 (a), in effect, to set aside the jury verdict in the interest of justice and for a new trial.
 

 Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provisions thereof awarding damages on the cause of action alleging prima facie tort and substituting therefor a provision dismissing that cause of action, and (2) by deleting the provisions thereof awarding compensatory damages on the cause of action alleging abuse of process and punitive damages on the cause of action alleging malicious prosecution against the defendant Sammy El Jamal; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issues of compensatory damages on the cause of action alleging abuse of process and punitive damages on the cause of action alleging malicious prosecution against the defendant Sammy El Jamal, unless, within 30 days after service upon him of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the amount of compensatory damages on the cause of action alleging abuse of process against the defendant Sammy El Jamal from the principal sum of $1,500,000 to the principal sum of $25,000, to reduce the amount of punitive damages on the cause of action alleging malicious prosecution against that defendant from the principal sum of $1,500,000 to the principal sum of $1,000,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
 

 Ordered that the appeal from so much of the order as denied those branches of the defendants’ separate motions which were pursuant to CPLR 4404 (a), in effect, to set aside so much of the jury verdict as awarded damages on the cause of action alleging prima facie tort is dismissed as academic in light of our determination on the appeal from the judgment dismissing that cause of action, without costs or disbursements; and it is further,
 

 Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.
 

 In June 2011, the plaintiff was arrested and charged with aggravated harassment in the second degree based on allegations that he made a threatening telephone call to his employer, the defendant Sammy El Jamal, which was overheard by another employee, the defendant Bryan Orser. After a criminal trial resulted in the plaintiffs acquittal, he commenced this action against the defendants, seeking to recover damages for malicious prosecution, abuse of process, and prima facie tort.
 

 The matter proceeded to a jury trial, and at the close of evidence, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for malicious prosecution on the ground that the plaintiff failed to prove that they initiated the criminal proceeding. Additionally, they moved for judgment as a matter of law dismissing the complaint based on the plaintiffs alleged failure to establish that he sustained any damages. The Supreme Court denied the motion. The jury returned a verdict on the issues of liability and compensatory damages in favor of the plaintiff, finding El Jamal liable for malicious prosecution, prima facie tort, and abuse of process, and finding Orser liable for malicious prosecution and prima facie tort. The jury awarded compensatory damages in favor of the plaintiff and against El Jamal in the principal sums of $285,000 for malicious prosecution, $1,500,000 for prima facie tort, and $1,500,000 for abuse of process. The jury also awarded compensatory damages in favor of the plaintiff and against Orser in the principal sums of $125,000 for malicious prosecution and $100,000 for prima facie tort. At the conclusion of the punitive damages phase of the trial, the jury awarded punitive damages in favor of the plaintiff and against El Jamal in the principal sum of $1,500,000 on the cause of action alleging malicious prosecution.
 

 Subsequently, a judgment dated June 13, 2014, was entered in favor of the plaintiff and against El Jamal and Orser. In an order dated April 1, 2015, the Supreme Court denied the defendants’ separate motions pursuant to CPLR 4404 (a), in effect, to set aside the jury verdict in the interest of justice and for a new trial. The defendants separately appeal from both the judgment and the order.
 

 Contrary to the defendants’ contention, the Supreme Court did not err in denying their motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for malicious prosecution on the ground that the plaintiff failed to prove that they initiated the criminal proceeding, and dismissing the complaint based on the plaintiff’s failure to establish that he sustained any damages. To be entitled to a judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that, upon the evidence presented, “there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant” (Cioffi v Klein, 131 AD3d 914, 915 [2015]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Fasolas v Bobcat of N.Y., Inc., 150 AD3d 147, 157 [2017]). “In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in the light most favorable to the nonmovant” (Szczerbiak v Pilat, 90 NY2d at 556; see Fasolas v Bobcat of N.Y., Inc., 150 AD3d at 157).
 

 As relevant to the defendants’ contention in this case, “in order for a civilian defendant to be considered to have initiated the criminal proceeding so as to support a cause of action based on malicious prosecution, it must be shown that the defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act. Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney” (Williams v CVS Pharmacy, Inc., 126 AD3d 890, 892 [2015] [internal quotation marks and citations omitted]; see Place v Ciccotelli, 121 AD3d 1378, 1379-1380 [2014]; Lupski v County of Nassau, 32 AD3d 997, 998 [2006]). Viewing the evidence in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the defendants affirmatively induced law enforcement officials to act by providing them with false information, which the defendants knew to be false and which resulted in the plaintiff’s arrest and prosecution (see DeMarzo v DeMarzo, 150 AD3d 1202, 1203 [2017]; Maskantz v Hayes, 39 AD3d 211, 213-214 [2007]; Mesiti v Wegman, 307 AD2d 339, 341 [2003]; Brown v Nassau County, 306 AD2d 303, 303 [2003]). Moreover, there was a rational process by which the jury could find that the plaintiff sustained compensatory damages (cf. Coyne v Campbell, 11 NY2d 372, 374 [1962]; Young v Quatela, 105 AD3d 735, 736 [2013]; Papa v City of New York, 194 AD2d 527, 531 [1993]).
 

 The defendants’ contention that the cause of action to recover damages for prima facie tort should be dismissed as duplicative of the cause of action to recover damages for malicious prosecution is unpreserved for appellate review, because they failed to raise this contention when they moved for judgment as a matter of law at the close of the evidence (see Goldman & Assoc., LLP v Golden, 115 AD3d 911, 912 [2014]; Wolkstein v Morgenstern, 275 AD2d 635, 637 [2000]). However, “ ‘questions of law which appear on the face of the record and which could not have been avoided if raised at the proper juncture may be raised for the first time on appeal’ ” (Goldman & Assoc., LLP v Golden, 115 AD3d at 912, quoting Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 618 [2012]). Such a question of law was presented here. Since the allegations underlying the cause of action to recover damages for prima facie tort fall within the ambit of traditional tort liability for malicious prosecution and complete relief can be afforded under that concept, the prima facie tort cause of action must be dismissed as duplicative (see Fleischer v NYP Holdings, Inc., 104 AD3d 536, 538-539 [2013]; see generally Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). In light of our determination, the defendants’ remaining contentions regarding the cause of action alleging prima facie tort need not be reached.
 

 Contrary to the defendants’ contention, the compensatory damages award of $285,000 on the cause of action alleging malicious prosecution did not deviate materially from what would be reasonable compensation (see Strader v Ashley, 61 AD3d 1244, 1247-1248 [2009]; Novy v F. & M. Schaefer Brewing Co., 88 AD2d 636 [1982]), and therefore will not be disturbed. However, the award of compensatory damages against El Jamal on the cause of action alleging abuse of process is excessive to the extent indicated herein based on awards in other abuse of process cases and the evidence presented at trial regarding damages sustained by the plaintiff as a result of an order of protection preventing him from going to work (see Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1225 [2017]; Chew Wah Bing v Sun Wei Assn., 191 AD2d 361 [1993]). Further, under the circumstances of this case, the award of punitive damages against El Jamal is excessive to the extent indicated (see generally State Farm Mut. Automobile Ins. Co. v Campbell, 538 US 408, 425 [2003]; Nardelli v Stamberg, 44 NY2d 500, 503 [1978]; Frederic v City of New York, 117 AD3d 899, 901 [2014]; cf. McIntyre v Manhattan Ford, Lincoln-Mercury, 256 AD2d 269, 271 [1998]).
 

 El Jamal’s contention that the Supreme Court improvidently exercised its discretion in denying his request to proceed pro se is without merit.
 

 The defendants’ remaining contentions are either unpre-served for appellate review or without merit.
 

 Rivera, J.R, Roman, Maltese and LaSalle, JJ., concur.