Higgins v Goyer (2018 NY Slip Op 04067)





Higgins v Goyer


2018 NY Slip Op 04067


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525861

[*1]FRANCIS M. HIGGINS, Appellant,
v
CATHERINE M. GOYER et al., Respondents, et al., Defendant.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Miller, Mannix, Schachner & Hafner, LLC, Round Lake (Thomas W. Peterson of counsel), for appellant.
Murphy Burns LLP, Loudonville (Stephen M. Groudine of counsel), for respondents.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (McGrath, J.), entered February 1, 2017 in Rensselaer County, which granted a motion by defendants Catherine M. Goyer, Michael Crandall and Richard Ungaro to dismiss the complaint against them.
In February 2015, plaintiff, then the Town Supervisor of defendant Town of Grafton (hereinafter the Town), was involved in a physical altercation with defendant Catherine M. Goyer, the Town's Deputy Clerk, as she attempted to enter the conference room of the Town Hall following a Town Board meeting. The following day, Goyer filed a workplace violence incident report and subsequently reported the incident to State Police. As a
result, plaintiff was charged with harassment in the second degree. Following a trial, plaintiff was acquitted of the charge and, thereafter, he commenced this action against defendants asserting causes of action for, among other things, malicious prosecution and defamation. The Town answered; Goyer and defendants Michael Crandall and Richard Ungaro (hereinafter collectively referred to as defendants) filed a pre-answer motion to dismiss the complaint for failure to state a cause of action [FN1]. Supreme Court granted defendants' motion and dismissed the [*2]complaint against them, holding, in relevant part, that plaintiff's malicious prosecution claim against Goyer failed because he did not plead sufficient facts demonstrating her active involvement in the prosecution. Supreme Court also held that the defamation claim against Goyer similarly failed because it did not adequately identify Goyer's purportedly slanderous statements, sufficiently plead any amount of special damages or show that her alleged statements related specifically to plaintiff's occupation or imputed his involvement in a serious crime. Plaintiff now appeals.[FN2]
When considering a motion to dismiss for failure to state a cause of action, "the court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 [2017] [internal quotation marks and citation omitted]; see Vestal v Pontillo, 158 AD3d 1036, 1038 [2018]). In order to state a cause of action for malicious prosecution, a plaintiff must allege "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d 742, 760 [2016]; see James v Flynn, 132 AD3d 1214, 1215 [2015]). As relevant to this appeal, in order to adequately allege that a civilian complainant initiated or commenced a criminal proceeding, a plaintiff must demonstrate "that the complainant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (Barrett v Watkins, 82 AD3d 1569, 1572 [2011] [internal quotation marks, brackets and citation omitted]; accord Place v Ciccotelli, 121 AD3d 1378, 1379 [2014]).
Plaintiff's complaint alleges that Goyer provided a "false and fraudulent" written criminal information and supporting deposition to State Police when she averred that plaintiff had subjected her to unwanted physical contact by, among other things, placing "his arm against her chest to prevent her from walking forward." Although plaintiff denied that he engaged in the conduct alleged by Goyer, he was nevertheless charged and prosecuted for harassment in the second degree based on said allegations. With regard to Goyer's role in the commencement of the criminal action, it is not alleged that Goyer merely furnished the details of what she perceived to be criminal conduct and thereafter allowed law enforcement to determine, in its discretion, whether criminal charges were appropriate. Rather, it is alleged that she provided false information to law enforcement via a sworn supporting deposition and then signed an accusatory instrument as both the complainant and the alleged victim, reiterating the same allegedly false allegations. Accepting plaintiff's allegations as true, as we must, the complaint adequately alleges that Goyer "knowingly provided false information to the police" and such allegations are "sufficient to state that the complainant initiated the proceeding by playing an active role in the other party's arrest and prosecution" (Place v Ciccotelli, 121 AD3d at 1379-1380; see Coscia v Jamal, 156 AD3d 861, 863-864 [2017]; Kirchner v County of Niagara, 107 AD3d 1620, 1622 [2013]; Brown v Nassau County, 306 AD2d 303, 303 [2003]; Ramos v City of New York, 285 AD2d 284, 299-300 [2001]). Accordingly, affording the complaint a liberal construction and providing plaintiff the benefit of every favorable inference, we conclude that Supreme Court should not have dismissed plaintiff's claim for malicious prosecution against Goyer (see Place v Ciccotelli, 121 AD3d at 1379-1380; Kirchner v County of Niagara, 107 AD3d at 1622; compare Barrett v Watkins, 82 AD3d at 1572; Krzyzak v Schaefer, 52 AD3d 979, 980 [2008]).
We likewise find that Supreme Court should not have dismissed the defamation cause of action against Goyer. Generally speaking, "defamation is not actionable without a showing of special damages, which 'contemplate the loss of something having economic or pecuniary value'" (Matter of Barra v County of Tompkins, 125 AD3d 1237, 1238 [2015], quoting Liberman v Gelstein, 80 NY2d 429, 434-435 [1992]; accord Allen v CH Energy Group, Inc., 58 AD3d 1102, 1103 [2009]). Although plaintiff's conclusory reference to "special harm" and the generalized figures cited with respect to the damages allegedly sustained failed to plead special damages with sufficient particularity (see Boyle v Stiefel Labs., 204 AD2d 872, 875 [1994], lv denied 84 NY2d 803 [1994]), an exception to this general rule exists where the statements at issue tend "to injure another in his or her trade, business or profession" (Liberman v Gelstein, 80 NY2d at 435; see Geraci v Probst, 15 NY3d 336, 344 [2010]; Golub v Enquirer/Star Group, 89 NY2d 1074, 1076 [1997]; Matter of Barra v County of Tompkins, 125 AD3d at 1238).
In addition to the criminal information and supporting deposition provided to the State Police, the complaint alleges that Goyer filed an equally "false and fraudulent" workplace violence incident report with respect to the subject altercation. The incident report — which was attached to and incorporated into the complaint — indicates that, on the evening in question, Goyer attempted to enter a conference room at the Town Hall when plaintiff stepped to the side and blocked her from entering. Goyer indicated that, when she attempted to then go around him, plaintiff "put his arm up in front of [her] to block [her]" and "reached in front of [her,] grabbed [certain office supplies and] tried to pull them out of [her] hand" while screaming "[g]et out" and "[y]ou can't come in here." The statements contained in the information, supporting deposition and incident report were thereafter "published and/or republished to the press." Inasmuch as these statements provide allegations of fact indicating that plaintiff subjected Goyer to unwanted physical contact while at the Town Hall, on the night of a Town Board meeting, at a time when plaintiff was acting in his official capacity as Town Supervisor, they provide "more than a general reflection upon [plaintiff]'s character or qualities" (Golub v Enquirer/Star Group, 89 NY2d at 1076). Indeed, Goyer alleged gross improper workplace conduct that called into question plaintiff's ability and fitness to continue serving in the elected position of Town Supervisor. Thus, under the circumstances, such statements could be considered defamation per se and, therefore, plaintiff adequately stated a cause of action for defamation that should have survived the motion to dismiss. The parties' remaining contentions, to the extent not specifically addressed herein, are either without merit or have been rendered academic by our determination.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the malicious prosecution and defamation causes of action against defendant Catherine M. Goyer; motion denied to that extent and matter remitted to the Supreme Court to permit said defendant to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Crandall and Ungaro allegedly witnessed the altercation between plaintiff and Goyer and testified during plaintiff's criminal trial.

Footnote 2: Plaintiff does not raise any arguments in his appellate brief regarding the dismissal of the complaint against Crandall and Ungaro.